UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



KNOLL, INC.,

          *Plaintiff,*

          v.

REGENCY SEATING, INC., and
JOHN SUMMERVILLE,

          *Defendants.*

12 CIV 0921
Civil Action No.

COMPLAINT FOR TRADEMARK
INFRINGEMENT AND RELATED
CAUSES

Plaintiff, by its attorneys, for its Complaint against the Defendants, alleges:

## JURISDICTION AND VENUE

1.     This is an action for violation of Sections 32 and 43 (a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125; for violation of Section 360-l of the New York General Business Law; and for violation of the common law of the State of New York pertaining to unfair competition.

2.     This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1338 and under principles of supplemental jurisdiction, 28 U.S.C. §1367(a).  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3.     Plaintiff Knoll, Inc. ("Knoll") is a corporation organized and existing under the laws of the State of Delaware, maintaining a place of business at 76 Ninth Avenue, New York, New York.

4.     Knoll is a leading designer and manufacturer of branded furniture.

5.     Knoll believes that good design is good business.  Indeed, since its founding in 1938, Knoll has been recognized as a design leader worldwide.

6. Knoll products are exhibited in major art museums worldwide, with more than 30 Knoll pieces in the permanent Design Collection of The Museum of Modern Art in New York, New York.

7. Upon information and belief, defendant Regency Seating, Inc. ("Regency") is a corporation organized and existing under the laws of the State of Ohio, maintaining a place of business at 2375 Romig Road, Akron, Ohio 44320.

8. Upon information and belief, defendant John Summerville is the President, Chief Operating Officer and controlling entity of Defendant Regency and is therefore responsible for the tortiuous acts of Regency (collectively with Regency, "Defendants").

9. Defendants now conduct or have in the past conducted business over the internet through their websites at http://www.regencyseating.com and http://www.regencyof.com.

10. Upon information and belief, Defendants have done and are doing business as "Regency", 2375 Roming Road, Akron, Ohio 44320, including business in this district.

11. Defendants transact business within this district, derive revenue from intrastate and interstate commerce, and have committed tortious acts within this district and also without this district having consequences within this district, and Defendants are otherwise within the jurisdiction of this Court.

2

## FACTS COMMON TO ALL COUNTS

### LUDWIG MIES VAN DER ROHE

12.    Ludwig Mies van der Rohe ("Mies van der Rohe") was a world-famous architect and one of the most influential architects of the twentieth century.

13.    Mies van der Rohe was the director of the Bauhaus school of design from 1930 to 1933, and moved to the United States in 1937 to continue his architectural activities.

14.    Among Mies van der Rohe's more well-known architectural works are the Seagram Building in New York City; the Lakeshore Drive Apartments in Chicago, Illinois; the German Pavilion for the 1929 Barcelona International Exhibition; and the Tugendhat House, in Brno, Czech Republic.

### THE GERMAN PAVILION

15.    In 1928, Mies van der Rohe was asked to design the German pavilion for the 1929 Barcelona International Exhibition.  The result was one of Mies van der Rohe's most well-known architectural designs.

A.  The Barcelona Chair



16.   In addition to designing the German Pavilion, Mies van der Rohe also designed the furniture featured inside the pavilion.  He designed a chair in the form of the design that is set forth below:

Architects, the furniture trade and the public have come to refer to this chair as the "Barcelona Chair".

### B.  The Barcelona Stool

17.  Along with the "Barcelona Chair", Mies van der Rohe also designed an ottoman for the German Pavilion in the form of the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this ottoman as the "Barcelona Stool".

### C.  The Barcelona Couch

18.    In 1930, Mies van der Rohe designed a couch or daybed that later gained fame when he featured it in the Farnsworth House, which he designed in 1948 for Dr. Edith Farnsworth.  The couch was in the form of the design that is

4

set forth below: Architects, the furniture trade and the public have come to refer to this couch as the "Barcelona Couch".



## THE TUGENDHAT HOUSE

19.     In 1928, Mies van der Rohe was commissioned to design a home for Grete and Fritz Tugendhat.  The resulting Tugendhat House in Brno, Czech Republic is one of Mies van der Rohe's most well-known architectural designs.

### A.  The Flat Brno Chair

20.     In addition to designing the Tugendhat House, Mies van der Rohe also designed much of the furniture used to furnish the Tugendhat House.  He designed for the Tugendhat House a chair in the form of the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this chair as the "Flat Brno Chair".

### B.  The Barcelona Table

21.  Along with the "Flat Brno Chair", Mies van der Rohe also designed a table for the Tugendhat House in the form of the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this table as the "Barcelona Table" or the "Tugendhat Table".

### KNOLL AND ITS RIGHTS IN THE BARCELONA COLLECTION

22.  By an agreement dating from November 1, 1965, Mies van der Rohe assigned all rights, title and interest in and to the design of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno Chair (hereinafter collectively referred to as the "Barcelona Collection") to predecessors of Knoll as to the rights herein involved.

23.  Knoll and its predecessors in interest as to the rights herein involved have been continuously manufacturing, displaying, promoting and selling the Barcelona Collection since at least as early as January 1, 1954.

6

24.     The various furniture items in the Barcelona Collection have been the subjects of third party commentary in numerous books, newspaper articles and magazine articles, virtually all of which identify Knoll or its predecessors in interest as to the rights herein involved as the source of these items.

25.     The various furniture items in the Barcelona Collection are in the collections of numerous museums featuring design around the world, and have been featured in a number of museum exhibitions.

26.     The Barcelona Collection is in the Museum of Modern Art's design collection. Some of these pieces have been there since the 1950s. The Museum of Modern Art, as well as other museums, always identify Mies van der Rohe as the designer of the Barcelona Collection, and Knoll as the source and manufacturer of these items.

27.     Knoll markets and sells the Barcelona Collection throughout the United States and internationally. In connection with these efforts, Knoll maintains an internet website at http://www.knoll.com, which contains information about Knoll's furniture products. Knoll also issues advertising and promotional material relating to the Barcelona Collection, and has done so for many years.

28.     As a result of all of the foregoing sales, manufacturing and promotional efforts, the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno Chair have come to be associated with Knoll as their source.

7

## KNOLL'S TRADEMARK REGISTRATIONS

29.     On or about October 12, 2004, the Barcelona Chair was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Barcelona Chair, No. 2,893,025, remains in full force and effect. A copy of this registration is attached as Exhibit A.

30.     On or about October 19, 2004, the Barcelona Stool was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Barcelona Stool, No. 2,894,977, remains in full force and effect. A copy of this registration is attached as Exhibit B.

31.     On or about October 19, 2004, the Barcelona Couch was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Barcelona Couch, No. 2,894,980, remains in full force and effect. A copy of this registration is attached as Exhibit C.

32.     On or about October 19, 2004, the Barcelona Table was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Barcelona Table, No. 2,894,979, remains in full force and effect. A copy of this registration is attached as Exhibit D.

33.     On or about October 19, 2004, the Flat Brno Chair was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Flat Brno Chair, No. 2,894,978, remains in full force and effect. A copy of this registration is attached as Exhibit E.

34.     Knoll is the owner of U.S. Trademark Registration No. 772,313 for the mark BARCELONA, which issued on or about June 30, 1964.  Said

registration remains in full force and effect and is incontestable. A copy of this registration is attached as Exhibit F.

## DEFENDANTS

35.    Upon information and belief, Defendant Regency is a manufacturer, marketer and retailer of furniture and related products, much of it embodying "modern design".

36.    Upon information and belief Defendant John Summerville is an officer of and holds a controlling interest in Defendant Regency and has caused the wrongful acts of Defendant Regency as hereinafter set forth. Defendant Regency's website identifies Mr. Summerville as Regency's President.

37.    Defendants, through the websites at www.regencyseating.com and www.regencyof.com and through various third party websites, such as www.everthingofficefurniture.com, advertise, promote and offer for sale furniture products in the form of the designs that are the subjects of Knoll's aforementioned trademark registrations. Attached as Exhibit G are excerpts from Regency's 2011 catalog, which is still available on its website, showing that it is still offering its infringing items for sale. Printouts showing Regency's inventory of infringing items at one point in time are attached as Exhibit H, and printouts from the third party website www.schooloutfitters.com advertising these products are attached as Exhibit I.

38.    Defendants have sold and continue to sell products in

9

the form of or derivative of the designs that are the subjects of Knoll's

aforementioned trademark registrations in New York and throughout the United

States.

## COUNT I [TRADEMARK INFRINGEMENT]

39. Plaintiff repeats and realleges each allegation in paragraphs 1-38 as
if set forth in full herein.

40.    Plaintiff has never authorized Defendants to sell reproductions or
derivatives of the Barcelona Chair or Barcelona Stool, (Defendants' Item Nos.
7101, 7102, 7103, 7104 and 7105).

41.    Upon information and belief, Defendants' acts have been done
willfully and intentionally, with full knowledge of Plaintiff's trademark rights.

42.    Knoll has repeatedly given Defendants due notice of Plaintiff's
rights, and on information and belief, Defendants have failed to cease their
infringing acts. Such notice was been given in 2008, 2009, 2010 and 2011.
Defendants' continuation of their infringing acts has and will cause Plaintiff
irreparable harm and injury.

43.    Defendants have improperly sold goods in the form of the designs
that are the subject of Knoll's trademark registrations with the intent to cause
confusion and mistake, to deceive and mislead the purchasing public and to
improperly appropriate the valuable trademark rights of Plaintiff.

44.    Defendants' said acts violate Section 32 of the Lanham Act, 15
U.S.C. § 1114.

45.    Plaintiff has no adequate remedy at law and is suffering

irreparable harm and damages as a result of the wrongful acts of Defendants in an amount thus far not determined.

## COUNT II [FALSE DESIGNATION OF ORIGIN]

46.    Plaintiff repeats and realleges each allegation in paragraphs 1-45 as if set forth in full herein.

47.    Defendants' efforts to misrepresent themselves as a legitimate source of the Barcelona Chair, Barcelona Stool, and authorized derivatives thereof takes control of the reputation and goodwill of the designs for these items away from Knoll, which owns and is responsible for the goodwill of these designs in the United States.

48.    Defendants' have improperly sold goods in the form of the designs that are the subject of Knoll's aforementioned trademark registrations with the intent to cause confusion and mistake, to deceive and mislead architects, the furniture trade and the purchasing public and to improperly appropriate the valuable trademark rights of Plaintiff.

49.    Defendants' said acts violate Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

50.    Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damages as a result of the wrongful acts of Defendants in an amount thus far not determined.

11

## COUNT III [COMMON LAW UNFAIR COMPETITION]

51.     Plaintiff repeats each allegation in paragraphs 1-50 as if set forth in full herein.

52.     As a result of Defendants' improper sale of furniture in the form of the designs that are the subject of Knoll's trademark registrations, architects, the furniture trade and the purchasing public are likely to buy Defendants' products in the erroneous belief that they are authorized reproductions of Knoll's trademarked designs.

53.     Upon information and belief, Defendants have intentionally misappropriated the designs that are the subject of Knoll's trademark registrations with the intention of causing confusion, mistake and deception among consumers and the trade as to the source of the goods and with the intent to unfairly profit from Plaintiff's goodwill at Plaintiff's expense.

54.     As a result of the foregoing, Defendants' actions constitute unfair competition which have had and will continue to have a detrimental effect on the general consuming public in violation of the common law of the State of New York.

55.     Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damages as a result of the wrongful acts of Defendants in an amount thus far not determined.

## COUNT IV [INJURY TO BUSINESS REPUTATION AND DILUTION]

56.     Plaintiff repeats and realleges each allegation of paragraphs 1-55 hereof, as if fully set forth herein.

12

57.     By reason of the practices and acts set forth above, Defendants are likely to injure Knoll's business reputation and dilute the distinctive quality of Plaintiff's marks, in violation of Section 360-l of the New York General Business Law.

58.     These acts of Defendants are without the permission, license or consent of Plaintiff and, unless enjoined by this Court, Defendants will continue these practices and acts, thereby harming Plaintiff's business reputation and causing Plaintiff immediate and irreparable injury.

59.     Plaintiff has no adequate remedy at law and is suffering irreparable harm and damages as a result of the wrongful acts of Defendants in an amount thus far not determined.

WHEREFORE, plaintiff demands:

A.      An injunction permanently enjoining and restraining Defendants, its directors, officers, agents, servants, employees, successors, assigns, subsidiaries, related companies, parent companies, licensees, assigns, and all persons in active concert or participation with it:

1.      From importing, marketing, or selling furniture in the form of the designs that are the subject of Knoll's trademark registrations;

2.      From passing off or otherwise representing to architects, the furniture trade or public in any way that any product sold by Defendants emanates from, is related in source or sponsorship to, or is in any way related to Plaintiff;

13

3.    From injuring Plaintiff's business reputation by diluting the distinctive quality of Plaintiff's products; and

4.    From engaging in deceptive trade practices or acts in the conduct of Defendants' business by means of selling products embodying Knoll's trademarked designs;

B.  Directing Defendants to deliver to Plaintiff or to destroy all furniture in its possession that is in the form of the designs that are the subject of Knoll's trademark registrations or are derived from the designs that are the subject of Knoll's trademark registrations;

C.  Directing Defendants to immediately recall and destroy all of their catalogs showing, advertising or promoting furniture that is in the form of the designs that are the subject of Knoll's trademark registrations or are derived from the designs that are the subject of Knoll's trademark registrations;

D.  Directing Defendants to remove all references to or images of furniture that are in the form of the designs that are the subject of Knoll's trademark registrations or are derived from the designs that are the subject of Knoll's trademark registrations from Defendants' internet website and from any third party websites for which Defendants supply these furniture products;

E.  Directing the internet service provider hosting Defendants' website to disable such website until such time as Defendants have removed the infringing items from their website.

F.  Directing Defendants to account to Plaintiff for all profits resulting from Defendants' infringing activities;

14

G.  Awarding Plaintiff its damages from Defendants' wrongful acts;

H.  Awarding Plaintiff three times the amount of Plaintiff's damages
or Defendants' profits, whichever is greater.

I.  Awarding Plaintiff the cost of this action, as well as reasonable
attorneys' fees.

J.  Awarding Plaintiff punitive damages as a result of
Defendants' wrongful acts; and

K.  Awarding Plaintiff such other and further relief as the Court may
deem just and proper.

GOTTLIEB, RACKMAN & REISMAN, P.C.

Attorneys for Plaintiff
George Gottlieb
Marc P. Misthal
270 Madison Avenue
New York, New York 10016
(212) 684-3900
ggottlieb@grr.com
mmisthal@grr.com

By: _____
George Gottlieb (GG-5761)
Marc P. Misthal (MM-6636)

Dated: February 3, 2012
       New York, New York

15