UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNOLL, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> REGENCY SEATING, INC. and JOHN SUMMERVILLE, <br><br> *Defendants*. | Case No. 12-CV-0921 (AKH) (KNF) <br><br> **FILED ELECTRONICALLY** <br><br> **DEFENDANTS DEMAND JURY BY TRIAL** |

## ANSWER & COUNTERCLAIM

Defendants Regency Seating, Inc. ("Regency") and John Summerville (collectively "defendants") hereby respond to plaintiff Knoll, Inc.'s ("Knoll") Complaint as follows.

### JURISDICTION AND VENUE

1. Admitted that the complaint purports to allege an action under the Lanham Act and New York law. Otherwise denied.

2. Admitted that the Court has subject matter jurisdiction over the Lanham Act claims. Otherwise denied.

### THE PARTIES

3. Defendants lack sufficient information to form a belief as to the truth of the allegation, and therefore denies.

4. Denied.

5. Denied.

6. Defendants lack sufficient information to form a belief as to the truth of the allegation, and therefore denies.

7. Regency is a corporation organized under the State of Ohio and maintains a place of business at 2375 Romig Road, Akron, Ohio 44320. Otherwise, denied.

8. Denied.

9. Regency operates the websites www.regencyseating.com and www.regencyof.com. Otherwise denied.

10. Regency's principal place of business is in Ohio, and Regency does not have a place of business in New York. Otherwise denied.

11. Denied.

## FACTS COMMON TO ALL COUNTS

## LUDWIG MIES VAN DER ROHE

12. Denied.

13. Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore denies.

14. Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore denies.

## THE GERMAN PAVILION

15. Denied.

16. Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore denies.

17. Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore denies.

18. Denied.

### THE TUGENDHAT HOUSE

19. Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore denies.

20. Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore denies.

21. Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore denies.

### KNOLL AND ITS RIGHTS IN THE BARCELONA COLLECTION

22. Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore denies.

23. Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore denies.

24. Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore denies.

25. Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore denies.

26. Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore denies..

27. Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore denies.

28. Denied.

## KNOLL'S TRADEMARK REGISTRATIONS

29. Knoll is named as the registrant for Trademark Registration No. 2,893,025, otherwise denied.

30. Knoll is named as the registrant for Trademark Registration No. 2,894,977, otherwise denied.

31. Knoll is named as the registrant for Trademark Registration No. 2,894,980, otherwise denied.

32. Knoll is named as the registrant for Trademark Registration No. 2,894,979, otherwise denied.

33. Knoll is named as the registrant for Trademark Registration No. 2,894,978, otherwise denied.

34. Drexel Enterprises, Inc. is named as the registrant for Trademark Registration No. 722,313, otherwise denied.

## DEFENDANTS

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## COUNT I - TRADEMARK INFRINGEMENT

39. Defendants repeat each of its responses to paragraphs 1-38.

40. Defendants have no existing agreement with Knoll, otherwise denied.

41. Denied.

42. Knoll has sent letters to Regency. Otherwise denied.

43. Denied.

44. Denied.

45. Denied.

## COUNT II - FALSE DESIGNATION OF ORIGIN

46. Defendants repeat each of its responses to paragraphs 1-45.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT III - COMMON LAW UNFAIR COMPETITION

51. Defendants repeat each of its responses to paragraphs 1-50.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT IV - INJURY TO BUSINESS REPUTATION AND DILUTION

56. Defendants repeat each of its responses to paragraphs 1-55.

57. Denied.

58. Denied.

59. Denied.

## AFFIRMATIVE DEFENSES

1. Knoll's claims are barred against John Summerville because of a lack of personal jurisdiction.

2. Knoll's claims are barred against Regency Seating, Inc. because of a lack of personal jurisdiction.

3. Knoll's claims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

4. Knoll is not entitled to the relief requested in its Complaint by virtue of its unclean hands.

5. Knoll is not entitled to the relief requested in its Complaint by virtue of the doctrines of estoppel, waiver, acquiescence and/or additional equitable doctrines.

6. Knoll is barred from seeking the relief requested in the Complaint in whole or in part by virtue of laches.

7. Knoll is not entitled to relief for its trademark infringement and dilution claims because Knoll own no rights under the Lanham Act, under the common law of any state, or under New York law in the trade dress, product configuration, or trademarks related to the products mentioned in their Complaint.

8. The designs asserted by Knoll are functional and not protectable subject matter.

9. To the extent Knoll ever acquired trademark rights in the designs now asserted against Regency, Knoll abandoned those rights.

10. Trademark Registrations No. 2,893,025 (armless chair), No. 2,894,977 (stool), No. 2,894,980 (couch), No. 2,894,979 (table), No. 2,894,978 (arm chair) are invalid because they were fraudulently acquired.

11. Knoll is not entitled to relief for its trademark infringement claims because there is no likelihood of confusion between defendants' accused products and Knoll's products.

12. Knoll is not entitled to any relief because it has sustained no injury or damages.

13. Knoll is not entitled to any damages because any alleged damages are speculative.

14. Knoll is not entitled to damages because it failed to take reasonable measures to mitigate any damages, if any, sustained by them.

15. Knoll is not entitled to damages because it sustained no damages proximately caused by defendants.

## COUNTERCLAIMS

Regency Seating, Inc. ("Regency" or "Counterclaim plaintiff") hereby alleges as follows:

1. This is a counterclaim by Regency against Knoll seeking declaratory and injunctive relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, that, *inter alia*, Knoll fraudulently acquired U.S. trademark registrations; Knoll owns no trademark rights over the subject matter Knoll asserts against Regency in its Complaint; Knoll's designs are not well known; and Regency does not infringe any protectable rights asserted by Knoll.

2. This Court has jurisdiction over the subject matter of this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

3. Regency's principal place of business is 2375 Romig Road, Akron, Ohio 44320.

4.       Upon information and belief, Knoll is a Delaware corporation with its principal place of business at 1235 Water Street, East Greenville, Pennsylvania 18041.

5.       As stated in Knoll's Complaint, Knoll threatened Regency off and on beginning in 2008.

6.       Knoll filed its Complaint against Regency in bad faith.

## Tables

7.       Tables have been around for a long time.

8.       On October 22, 2003, Knoll filed U.S. trademark application Serial No. 76/556,821 ("the '821 application"), claiming ownership of a "configuration of a table with a metal base and a glass top," shown below:



("the glass table").

9.       The glass table is functional and not distinctive.

10.      Upon information and belief, tables in the style of Knoll's glass table were sold by third parties and were common from before 1998 through 2003.

11.      Knoll stated in the '821 application that the glass table is not functional and "has become distinctive by reason of substantially exclusive and continuous use. . . for at least five (5) years preceding the date of this application."

12.      In support of Knoll's representation to the U.S. Patent and Trademark Office ("PTO") that the glass table was not functional and not inherently distinctive, but had become

distinctive through substantially exclusive and continuous use, Knoll submitted the declarations of Carl Magnusson, an employee of Knoll, and Terence Riley, an employee of the Museum of Modern Art.  Neither Mr. Magnusson nor Mr. Riley stated that the glass table was non-functional, and neither stated that Knoll enjoyed more than five years of substantially exclusive use.

13. Knoll's representation to the PTO stating that the glass table was not functional and was distinctive through substantially exclusive and continuous use were materially false and misleading, and the declarants knew of their falsity at the time.

14. Upon information and belief, the PTO relied on Knoll's false statements to grant Knoll U.S. Trademark Registration 2,894,979 ("the '979 registration").

### Chairs

15. On October 22, 2003, Knoll filed U.S. trademark application Serial No. 76/556,819 ("the '819 application"), claiming ownership of a "configuration of a chair with a flat metal frame supporting a cushion," shown below:



("the arm chair").

16. The arm chair is functional and not distinctive.

17. Upon information and belief, arm chairs in the style of Knoll's arm chair were sold by third parties and were common from before 1998 through 2003.

18. Knoll stated in the '819 application that the table is not functional and "has become distinctive by reason of substantially exclusive and continuous use. . . for at least five (5) years preceding the date of this application."

19. In support of Knoll's representation to the PTO that the arm chair was not functional and not inherently distinctive, but had become distinctive through substantially exclusive and continuous use, Knoll submitted the declarations of Mr. Magnusson and Mr. Riley. Neither Mr. Magnusson nor Mr. Riley stated that the arm chair was non-functional, and neither stated that Knoll enjoyed more than five years of substantially exclusive use.

20. Knoll's representation to the PTO that the arm chair was not functional and has become distinctive through substantially exclusive and continuous use are materially false and misleading, and the declarants knew of their falsity at the time.

21. Upon information and belief, the PTO relied on Knoll's false statements to grant Knoll U.S. Trademark Registration 2,894,978 ("the '978 registration").

22. On October 22, 2003, Knoll filed U.S. trademark application Serial No. 76/556,817 ("the '817 application"), claiming ownership of a "configuration of a chair with a metal frame and leather cushions," shown below:



("the armless chair").

23. The armless chair is functional and not distinctive.

24.     Knoll stated in the '817 application that the table is not functional and "has become distinctive by reason of substantially exclusive and continuous use . . . for at least five (5) years preceding the date of this application."

25.     In support of Knoll's representation to the PTO that the armless chair was not functional and not inherently distinctive, but had become distinctive through substantially exclusive and continuous use, Knoll submitted the declarations of Mr. Magnusson and Mr. Riley. Neither Mr. Magnusson nor Mr. Riley stated that the armless chair was non-functional, and neither stated that Knoll enjoyed more than five years of substantially exclusive use.

26.     Upon information and belief, armless chairs in the style of Knoll's armless chair were sold by third parties and were common from before 1998 through 2003.

27.     Knoll's statements to PTO that the armless chair was not functional and had become distinctive through substantially exclusive and continuous use were materially false and misleading, and the declarants knew of their falsity at the time.

28.     Upon information and belief, the PTO relied on Knoll's false statements to grant Knoll U.S. Trademark Registration 2,893,025 ("the '025 registration").

**Stools**

29.     On October 22, 2003, Knoll filed U.S. trademark application Serial No. 76/556,816 ("the '816 application"), claiming ownership of a "configuration of a stool with a metal frame supporting a leather cushion," shown below:



("the stool").

30. The stool is functional and not distinctive.

31. Upon information and belief, stools in the style of Knoll's stool were sold by third parties and were common from before 1998 through 2003.

32. Knoll stated in the '816 application that the table is not functional and "has become distinctive by reason of substantially exclusive and continuous use. . . for at least five (5) years preceding the date of this application."

33. In support of Knoll's representation to the PTO that the stool was not functional and not inherently distinctive, but had become distinctive through substantially exclusive and continuous use, Knoll submitted the declarations of Mr. Magnusson and Mr. Riley. Neither Mr. Magnusson nor Mr. Riley stated that stool was non-functional, and neither stated that Knoll enjoyed more than five years of substantially exclusive use.

34. Knoll's statements to PTO that the stool was not functional and had become distinctive through substantially exclusive and continuous use are materially false and misleading, and the declarants knew of their falsity at the time.

35. Upon information and belief, the PTO relied on Knoll's false statements to grant Knoll U.S. Trademark Registration 2,894,977 ("the '977 registration").

**Couches**

36. On October 22, 2003, Knoll filed U.S. trademark application Serial No. 76/556,824 ("the '824 application"), claiming ownership of a "configuration of a chair with a metal frame supporting a leather cushion," shown below:



("the couch").

37. The couch is functional and not distinctive.

38. Upon information and belief, couches in the style of Knoll's couch were sold by third parties and were common from before 1998 through 2003.

39. Knoll stated in the '824 application that the couch is not functional and "has become distinctive by reason of substantially exclusive and continuous use. . . for at least five (5) years preceding the date of this application."

40. In support of Knoll's representation to the PTO that the couch was not functional and not inherently distinctive, but had become distinctive through substantially exclusive and continuous use, Knoll submitted the declarations of Mr. Magnusson and Mr. Riley. Neither Mr. Magnusson nor Mr. Riley stated that couch was non-functional, and neither stated that Knoll enjoyed more than five years of substantially exclusive use.

41. Knoll's statements to PTO that the couch was not functional and had become distinctive through substantially exclusive and continuous use are materially false and misleading and the declarants knew of their falsity at the time.

42. Upon information and belief, the PTO relied on Knoll's false statements to grant Knoll U.S. Trademark Registration 2,894,980 ("the '980 registration").

## COUNTERCLAIM COUNT 1
### Invalidity of U.S. Trademark Registrations

43. Regency repeats and realleges each allegation in counterclaim paragraphs 1 – 42 as if set forth fully herein.

44. Knoll's trademark registrations, including the '979 registration (table), the '978 registration (arm chair), the '025 registration (armless chair), the '977 registration (stool), and the '980 registration (couch) were fraudulently acquired ("Knoll's furniture registrations").

45. Knoll's furniture registrations are invalid.

46. Regency has no adequate remedy at law for redressing the aforesaid acts and is suffering irreparable harm and damage as a result of Knoll's assertion of the fraudulently acquired furniture registrations against Regency.

### COUNTERCLAIM COUNT 2
### The Designs Are Functional

47. Regency repeats and realleges each allegation in counterclaim paragraphs 1 – 46 as if set forth fully herein.

48. Product configuration and trade dress are presumed functional.

49. Upon information and belief, the product configurations for Knoll's furniture cannot be distinctive because the nonfunctional aspects of Knoll's furniture do not indicate Knoll as the source of the furniture, and furniture of similar style and design is and has been available from third parties.

50. Knoll owns no trademark rights in the product configuration of its furniture.

51. Regency has no adequate remedy at law for redressing the aforesaid acts and is suffering irreparable harm and damage as a result of Knoll's assertion of the furniture designs against Regency.

## COUNTERCLAIM COUNT 3
### Abandonment

52. Regency repeats and realleges each allegation in counterclaim paragraphs 1 – 51 as if set forth fully herein.

53. The product configurations for Knoll's furniture are generic.

54. Because Knoll does not, and has not, enjoyed exclusive use of the product configurations, any possible rights previously acquired by Knoll for the asserted product configurations were abandoned before Knoll's lawsuit against Regency.

55. Regency has no adequate remedy at law for redressing the aforesaid acts and is suffering irreparable harm and damage as a result of Knoll's assertion of the abandoned rights against Regency.

## COUNTERCLAIM COUNT 4
### No Trademark Infringement or False Designation of Origin

56. Regency repeats and realleges each allegation in counterclaim paragraphs 1 – 55 as if set forth fully herein.

57. There is no likelihood of confusion as to the source of Regency's furniture products, either through the sale of Regency's products or the advertising of them.

58. There is no similarity between the non-functional aspects of Regency's furniture and Knoll's furniture. To the extent Knoll owns any rights in the non-functional aspects of its furniture, it has abandoned those rights, and is estopped from asserting those rights against Regency, because all aspects of its furniture are generic and not distinctive.

59. Regency's furniture does not infringe any registered or unregistered trademark right owned by Knoll under 15 U.S.C. § 1114, § 1125(a), or common law.

60. Regency has no adequate remedy at law for redressing the aforesaid acts and is suffering irreparable harm and damage as a result of Knoll's assertion of trademark infringement and false designation of origin against Regency.

**COUNTERCLAIM COUNT 5**
**New York Law**

61. Regency repeats and realleges each allegation in counterclaim paragraphs 1 – 60 as if set forth fully herein.

62. Knoll's furniture is not famous, well-known, or distinctive.

63. Regency's sale of its accused furniture cannot cause confusion or injure the reputation of Knoll under Section 360-L of New York General Business Law.

64. Regency has no adequate remedy at law for redressing the aforesaid acts and is suffering irreparable harm and damage as a result of Knoll's assertion of New York unfair competition and dilution against Regency.

**PRAYER FOR RELIEF**

WHEREFORE, Regency prays for an order:

A. Dismissing with prejudice Knoll's Complaint in its entirety;

B. Declaring that Knoll committed fraud upon the United States Patent and Trademark Office with respect to the trademark bearing Registration No. 2,893,025, No. 2,894,977, No.2,894,980, No.2,894,979, and No.2,894,978;

C. Invalidating trademarks bearing Registration No. 2,893,025, No.2,894,977, No.2,894,980, No.2,894,979, and No.2,894,978, and ordering that registrations should be cancelled;

D. Declaring that the furniture designs asserted by Knoll are functional and not protectable under the Lanham Act, U.S. federal trademark law, or New York state law.

E. Declaring that Knoll owns no federal, state, or common law trademark, trade dress, or product configuration rights in its asserted furniture;

F. Declaring that Knoll's asserted furniture is not famous in the United States;

G. Declaring that Regency's manufacture, sale, and use of its accused furniture does not violate any federal, state or common law trademark rights of Knoll, does not constitute a false designation of origin, does not unfairly compete with Knoll;

H. Declaring that any liability or damages complained of by Knoll in its Complaint is barred by laches;

I. Enjoining Knoll from attempting in any way and in any forum from suggesting it has a valid trademark registration in the furniture designs asserted against Regency in Knoll's Complaint;

J. Declaring that Knoll's bad faith lawsuit against Regency is exceptional under 15 U.S.C. § 1117.

K. Declaring that Knoll shall pay the costs of this action together with Regency's attorney's fees.

L. Declaring that Regency receive other relief as this Court may deem just and proper.

**JURY DEMAND**

Defendants and Counterclaim plaintiff demand a trial by jury.

SEED IP LAW GROUP PLLC

Dated: March 19, 2012

s/ Michael J. Freno
Michael J. Freno (MF 6969)
701 5th Ave, Suite 5400
Seattle, Washington 98101
206.622.4900
MikeF@SeedIP.com

*Regency Seating, Inc. and John Summerville*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 19, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

George Gottlieb
Marc P. Misthal
GOTTLIEB, RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, New York 10016
212.684.3900

*Attorneys for Plaintiff Knoll, Inc.*

                                                   s/  Michael J. Freno

2120092.DOC