


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KNOLL, INC.,

Plaintiff,

-against-

REGENCY SEATING, INC. and JOHN SUMMERVILLE

Defendants.

**ORDER DENYING RECONSIDERATION**

12 Civ. 921 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff's motion to reconsider my rulings at the May 23, 2013 hearing is denied. There is nothing that Plaintiff presents in its motion to reconsider that was not before me, and considered, when I decided the motion. Nor does Plaintiff show that I overlooked or misunderstood a material point of law (notwithstanding its contention that I did).

Plaintiff's alleged fraud is its representation to the Patent and Trademark Office that it had "substantially exclusive" use of the Barcelona design of furniture. See 15 U.S.C. § 1052(f). Whatever the accuracy of the transcript of argument, or my extemporaneous expression, the relevant standard that informed my ruling was "substantially exclusive," not "substantial and exclusive." The evidence of record cause me to find, prima facie, that Plaintiff likely knew that it did not have "substantially exclusive" use of the mark at the time it applied for the Barcelona design trademark. See, e.g., Def. Ex. A (June 13, 2000 letter from Palazzetti Incorporated, one of Plaintiff's competitors, advising Plaintiff that it had used the Barcelona design for twenty years, accompanied by numerous examples of advertisements of Palazzetti Barcelona furniture).

I have not determined that Plaintiff committed a fraud. All that I held is that there was enough evidence presented to show "a factual basis for a showing of probable cause" that Plaintiff made a materially false and misleading statement to procure a registration of trademark from the Patent and Trademark Office. See United States v. Jacobs, 117 F.3d 82, 87 (2d Cir. 1997). I found that there was enough of a factual basis to merit further inquiry into whether Plaintiff's documents can be excluded from production as privileged documents. Indeed, the inquiry into a sampling of the relevant documents has shown that much of what Plaintiff claimed to be privileged should not have been so claimed, for they are not properly deserving of attorney-client or work-product privileges.

The clerk shall mark the motion (Doc. No. 44) terminated.

SO ORDERED.

Dated: June 9, 2013
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge